AO245b (USDC-CT Rev. 9/07)

Page 1

UNITED STATES DISTRICT COURT
District of Connecticut

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| vs. | CASE NO. *3:10CR43(CFD)*<br>USM NO: *38416-053* |
| ANGELIQUE MULLINGS<br>a/k/a Angelique Eubanks | |
| | *DAVID T. HUANG*<br>Assistant United States Attorney |
| | *PAUL F. THOMAS*<br>Defendant's Attorney |

**THE DEFENDANT:** pled guilty to counts **1** and **2** of the information.

Accordingly the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Counts |
|---|---|---|---|
| 18 U.S.C. Section 1341 | Mail Fraud | May, 2009 | 1 |
| 18 U.S.C. Section 1028A(a)(1) | Aggravated Identity Theft | May 21, 2009 | 2 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of **4** months on count 1 and **24** months on count 2, to be served consecutively.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **3** years on count 1 and **1** year on count 2, to be concurrent. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. The defendant is required to participate in a mental health treatment program approved by the U.S. Probation Officer.
2. The defendant is prohibited from possessing a firearm or other dangerous weapon.
3. The defendant is not to use a computer, Internet-capable device, or similar electronic device to access or utilize personal identifying information from another individual. The defendant shall consent to the use of any computer program which shall monitor suspect computer use on any computer owned or controlled by the defendant. The program(s) used will be designed to identify, for the Probation Office, only the viewing, downloading, uploading, transmitting, or otherwise using any images or content of a financial or consumer nature ("Suspect Computer Use"). Suspect Computer Use shall be identified by the installed program and/or the Probation Office through the screening of the defendant's computer usage for certain key words, phrases and images. The defendant shall pay all or a portion of costs associated with computer monitoring based on the defendant's ability to pay as determined by the probation officer.
4. The defendant is prohibited from incurring new credit card charges or opening additional lines of credit without permission of the Probation Officer until the restitution is paid.
5. The defendant is required to provide the U. S. Probation Officer with access to requested financial information.
6. The U. S. Probation Officer is directed to notify future employers of the defendant of the defendant's criminal history when such employment would reveal to the defendant credit information or identity information of customers or fellow employees or vendors that could be used by the defendant to obtain credit, credit cards, or access to bank accounts of such customers or employees, or vendors.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows or as noted on the restitution order entered on this date.

**Special Assessment:**     $200.00
**Restitution:**            $2,914.95

**A separate Restitution Order accompanies this Judgment.**

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all restitution, costs and special assessments imposed by this judgment, are paid.

## JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS

That the defendant serve her term of incarceration at FCI Danbury, at its camp.

The defendant shall self surrender to the facility designated by the U. S. Bureau of Prisons or to the United States Marshal for the District of Connecticut on **June 24, 2010.**

May 10, 2010
Date of Imposition of Sentence

/s/ Christopher F. Droney, USDJ
Christopher F. Droney
United States District Judge
Date: May 12, 2010

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

Michael L. Richards
Acting United States Marshal

By _____
Deputy Marshal

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE _____*
*ROBERTA D. TABORA, Clerk*
*BY: _____*
   *Deputy Clerk*

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendan
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) (A) In a state in which the requirements of the Sex Offender Registration and Notification Act see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or
  (B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;
- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of th United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, o any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of th court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
              **Defendant**                                **Date**


_____                  _____
**U.S. Probation Officer/Designated Witness**              **Date**